# IN THE COURT OF COMMON PLEAS OF LICKING COUNTY, OHIO
## CIVIL DIVISION

| | |
|---|---|
| JAMES E. FONNER<br>1211 Patterson SW Rd.<br>Patskala, OH 43062,<br><br>Plaintiff,<br><br>v.<br><br>AMSHER COLLECTION SERVICES INC.<br>4524 Southlake Parkway<br>Suite 15<br>Hoover, AL 35244<br><br>and<br><br>JOHN DOES 1-3<br>Name Unknown<br>Address Unknown,<br><br>Defendants. | Case No. 19CV0567<br><br>JUDGE _____<br><br>Jury Demand Endorsed Herein<br><br>FILED<br>2019 JUN -3 AM 11:13<br>CLERK OF COMMON PLEAS CT<br>LICKING COUNTY, OHIO<br>GARY R. WALTERS, CLERK |

Now come Plaintiff, James Fonner, by and through undersigned counsel, and for his causes of action state the following:

### Introduction

1. This is an action for damages brought by Plaintiff against Defendants for violations of the Fair Credit Reporting Act 15 U.S.C. §1681 et seq., (hereinafter "FCRA") and the Fair Debt Collection Practices Act CITE (hereinafter "FDCPA".)

### Jurisdiction and Venue

2. Plaintiff James Fonner is a natural person residing at 1211 Patterson SW Rd. in the City of Pataskala and State of Ohio.



EXHIBIT A

3. Upon information and belief, Amsher Collection Services, Inc. (hereinafter "Amsher"), is a collection agency, headquartered at 4525 Soutlanke Parkway, Suite 15, Hoover, Alabama 35244, and doing business in the State of Ohio.

4. Amsher shall herein be referred to as "Defendant."

5. "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants named in this caption.

6. This Court has venue to hear this case pursuant to Civ. R. 3(B)(3), in that some of the transactions complained of, and out of which this action arose, occurred in Licking County, Ohio, and because Plaintiff resides in Licking County, Ohio.

7. Upon information and belief, Defendants are "furnishers" of credit information as contemplated by 15 U.S.C. §1681s-2 (a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

8. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

## Statement of Facts

9. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

10. On February 20, 2019, Plaintiff informed Amsher via affidavit that T-Mobile Account # 9575045343751126 (hereinafter, the "Account,)" was incorrectly reporting on Plaintiff's individual Experian and Transunion credit reports.

11. The Account was a business account, was not personally guaranteed, and should never have been reported on Plaintiff's credit reports.

12. On April 5, 2019, Plaintiff contacted Equifax, TransUnion, and Experian pursuant to their policies and procedures, disputed the alleged Account reported to them by Defendants, and requested that the negative item be removed from his credit report.

13. Said information was negative, derogatory, and damaging to Plaintiff. As a result, Plaintiff suffered damage by loss of credit and loss of the ability to purchase and benefit from credit; and Plaintiff experienced emotional distress, mental anguish, anxiety, outrage, frustration, and embarrassment.

14. The above-named credit reporting agencies investigated Plaintiff's disputes with the Defendants and delivered the results of their investigation to the Plaintiff showing that the Defendants falsely verified to the credit reporting agency that the delinquencies it reported to them were correct and continued to falsely report the account on Plaintiff's personal credit report.

15. Amsher verified the dispute as accurate to TransUnion and Experian and Transunion.

16. Defendants, after Plaintiff filed disputes with Equifax. TransUnion, and Experian, on being notified by the agencies, failed to conduct a reasonable investigation and correct the inaccurately reported information on Plaintiff's credit report.

17. As a result of Defendants' actions, the Defendants directly and proximately caused Plaintiff to suffer damage by loss of credit and loss of the ability to purchase and benefit from credit; and further caused Plaintiff to suffer emotional distress, mental anguish, anxiety, outrage, frustration, and embarrassment associated with having a negative and derogatory credit history reported by the Defendants.

## COUNT ONE
## Violation of the Fair Credit Reporting Act

18. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

19. Upon information and belief, in response to Plaintiff Jason Etler's disputes, the credit reporting agencies, pursuant to 15 U.S.C. § 1681i, forwarded to Defendants' notification of Plaintiff's disputes and requested that Defendants conduct a reinvestigation, pursuant to 15 U.S.C. § 1681s-2.

20. Defendants failed to conduct a reasonable investigation and correct the incorrectly reported information and instead continued to report the Account on Plaintiff's individual Consumer Reports.

21. Defendants were required to conduct a reasonable, timely and more thorough reinvestigation of Plaintiff's disputes and to respond to the consumer reporting agencies to which it subscribed with truthful, complete and relevant information.

22. Defendants violated the mandates of 15 U.S.C. § 1681s-2[b] and Plaintiff has suffered damages as a result of those violations.

23. Defendants willfully violated the mandates of Section 1681s-2[b] in violation of 15 U.S.C. §1681n.

24. Alternatively, Defendants negligently violated the mandates of Section 1681s-2[b] in violation of 15 U.S.C. §1681o.

## COUNT TWO
## Violation of the Fair Debt Collection Practices Act

25. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

26. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    (a) Defendant violated 15 U.S.C. § 1692d by harassing in connection with the collection of a debt.

    (b) Defendant violated 15 U.S.C. § 1692e(2)(A) by using false representations and deceptive means to collect a debt.

    (c) Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect a debt.

    (d) Defendant violated 15 U.S.C. § 1692e(7) by using false representations and deceptive means to collect a debt.

    (e) Defendant violated 15 U.S.C. § 1692f by using generally unfair and unconscionable means to attempt to collect a debt.

27. As a result of the above averments, Defendant is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated the FDCPA, as well as Plaintiff's actual damages, statutory damages, and attorney's fees and costs in an amount to be proven at trial.

### Prayer for Relief

**WHEREFORE,** Plaintiff respectfully requests this Court:

1. ISSUE an order declaring that Defendants are in violation of the FCRA and FDCPA.
2. Actual and/or statutory damages pursuant to §15 U.S.C. §1681n and 15 US.C. §1681o.
3. Actual damages resulting from all aforementioned causes of action.
4. Costs and reasonable attorney fees.

5. Punitive damages.

6. GRANT such other relief as this Court deems to be just, equitable, and appropriate.

Respectfully submitted,

LUFTMAN, HECK and ASSOCIATES, LLP

*Rebecca Bradley*
Rebecca A. Bradley (0095210)
Luftman, Heck & Associates, LLP
6253 Riverside Drive, Suite 200
Dublin, Ohio 43017
Phone: (614) 224-1500
Fax: (614) 224-2894
rbradley@lawlh.com

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff James Fonner demands a trial by jury in this action.

*Rebecca Bradley*
Rebecca A. Bradley (0095210)